NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4493
_____

O.R. (a Student)
Appellant

v.

GERRI HUTNER; RICK CAVE; ROBBY VARGHESE;
LISA CATALANO; KATHY MITCHEL; THOMAS A. SMITH;
VICTORIA KNIEWEL(School Superintendent);
DONNA GIBBS-NINI; ARTHUR DOWNS (Principal);
CHARLES RUDNICK(Principal); DENNIS LEPOLD (Principal);
MICHAEL ZAPICCHI (Principal);
WEST WINDSOR PLAINSBORO SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 3-10-cv-01711
District Judge: The Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2011

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*
(Filed: July 27, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

O.R., a former student of the West Windsor Plainsboro School District, was suspended from school for 10 days and referred to police for prosecution for possession of a knife on school property. Thereafter, he initiated several state court actions against the School District and its employees, which either challenged his suspension, sought the production of records by the School District under New Jersey's Open Public Records Act (OPRA), N.J.S.A. § 47:1A1-13, or alleged that he had been treated differently than similarly situated Caucasian students.[1] While one of the state court actions was proceeding, O.R. initiated this federal action alleging that the School District had violated his constitutional right of access to the courts, as well as his rights under the Equal Protection Clause and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. The School District filed two Rule 12(b)(6) motions to dismiss.

The District Court recognized that the constitutional right of access to the courts is limited and that "only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003). In light of the "long series of lawsuits[,]" the

---

[1]  As the District Court noted, one of the state court actions alleged that the School District had violated O.R.'s civil rights. After the School District removed the action to federal court, O.R. dropped his federal claims and successfully moved to remand the case to state court.

District Court appropriately concluded that O.R.'s claims that certain conduct prevented him from filing suit failed as a matter of law. In addition, the District Court granted the motion to dismiss the equal protection and Title VI claims because, *inter alia*, O.R.'s averments failed to allege sufficient facts to state a claim under either theory. Thereafter, the Court denied O.R.'s motion to amend his complaint, concluding that any attempt would be futile. In addition, the Court granted the School District's motion for sanctions.

This timely appeal followed.[2] After considering the briefs of the parties and the record before us, we will affirm for substantially the reasons given by the District Court.[3]

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We exercise jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a motion to dismiss. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). We review an order denying a motion to amend under Rule 15 for abuse of discretion. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). We also apply an abuse of discretion standard in reviewing an order imposing sanctions. *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 287 (3d Cir. 2010).

[3] The Motion by Appellant to Supplement the Record on Appeal is denied. The Motion by Appellant to file an Amended Notice of Appeal is granted.